Filed 8/30/23  P. v. Dering CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | H050744 |
| Plaintiff and Respondent, | (Monterey County Super. Ct. No. SS091218A) |
| v. | |
| PHILLIP JAMES DERING, | |
| Defendant and Appellant. | |

**MEMORANDUM OPINION[1]**

In 2009, defendant Philip James Dering was convicted by a jury of assault by means or force likely to produce great bodily injury (Pen. Code, § 245, subd. (a)(1))[2] and battery with serious bodily injury (§ 243, subd. (d)).  The jury also found true the allegations that Dering inflicted great bodily injury (§ 12022.7, subd. (a)), had served two prior prison terms (former § 667.5, subd. (b)), had a prior conviction for a serious felony (§ 667, subd. (a)), and had a prior strike conviction (§ 1170.12, subd. (c)(1)).  The trial

---

[1] We resolve this case by memorandum opinion pursuant to California Standards of Judicial Administration, Title 8, Standard 8.1.  (See also *People v. Garcia* (2007) 97 Cal.App.4th 847, 853-855.)

[2] Unspecified statutory references are to the Penal Code.

court sentenced him to a total term of 18 years, which included two one-year terms for his prior prison terms under former section 667.5, subdivision (b).[3]

On June 20, 2022, Dering filed a letter requesting that the trial court recall his sentence and resentence him pursuant to Senate Bill No. 483 (2021-2022 Reg. Sess.), as his enhancements under former section 667.5, subdivision (b) were no longer valid. After an evidentiary hearing, the trial court denied his request, finding "by clear and convincing evidence that imposing a lesser sentence would endanger public safety based on [Dering's] behavior in state prison."

The parties agree that the trial court erred and that remand is required. Effective January 1, 2020, Senate Bill No. 136 (2019-2020 Reg. Sess.), amended section 667.5, subdivision (b) and limited the enhancement for prior prison terms to those prison terms served for a conviction of a sexually violent offense as defined in Welfare and Institutions Code section 6600, subdivision (b). Effective January 1, 2022, the Legislature also enacted Senate Bill No. 483. In part, Senate Bill No. 483 added former section 1171.1 to the Penal Code, which was subsequently renumbered to section 1172.75. (Stats. 2021, Ch. 728, § 3; Stats. 2022, Ch. 58, § 12, eff. June 30, 2022.) Section 1172.75 provides that "[a]ny sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of Section 667.5, except for any enhancement imposed for a prior conviction for a sexually violent offense as defined in subdivision (b) of Section 6600 of the Welfare and Institutions Code is legally invalid." (§ 1172.75, subd. (a).) Section 1172.75, subdivision (b) sets forth a procedure by which the Secretary of the Department of Corrections and Rehabilitation (CDCR) shall identify eligible persons in custody, and subdivision (c) sets forth a timeline by which the trial court shall review, recall, and resentence eligible individuals. In part, section 1172.75,

---

[3] This court affirmed his conviction in 2010. (*People v. Dering* (Dec. 21, 2010, H035131) 2023 WL 51311777 [nonpub. opn.].)

subdivision (d)(1) specifies that "[r]esentencing pursuant to this section shall result in a lesser sentence than the one originally imposed as a result of the elimination of the repealed enhancement, unless the court finds by clear and convincing evidence that imposing a lesser sentence would endanger public safety."

Here, Dering's prior prison terms were for a conviction for assault with a deadly weapon (§ 245, subd. (c)), possession of a firearm as a felon (§ 12022, subd. (a)(1), and transportation of a controlled substance (Health and Safety Code, § 11379, subd. (a)), neither of which is a sexually violent offense as defined under Welfare and Institutions Code section 6600, subdivision (b). The two prior prison term enhancements are thus legally invalid. (§ 1172.75, subd. (a).) Nonetheless, the trial court declined to strike Dering's prior prison term enhancements on the ground that doing so would endanger public safety. Section 1172.75, however, permits the trial court's consideration of public safety only in resentencing a defendant *after* the legally invalid enhancements have been stricken. (See § 1172.75, subd. (d)(1).)

Thus, the trial court erred by declining to strike the invalid enhancements and the matter must be remanded for resentencing. [4]

---

[4] As we have noted, section 1172.75, subdivision (b) expressly delegates to the CDCR the task of identifying eligible persons in their custody and providing to the trial court relevant identifying information by certain deadlines—March 1, 2022 for individuals who have served their base term and any other enhancements and are currently serving a sentence based on the section 667.5, subdivision (b) enhancement (*id.*, subd. (b)(1)), and July 1, 2022, for all other individuals (*id.*, subd. (b)(2)). In *People v. Burgess* (2022) 86 Cal.App.5th 375 (*Burgess*), the First District held that it lacked jurisdiction to consider the defendant's appeal of the trial court's denial of his pro se petition for resentencing under section 1172.75, as the trial court itself lacked jurisdiction to adjudicate the motion as it was not initiated by the CDCR. (*Id.* at pp. 381-382; see also *People v. Escobedo* (2023) __ Cal.App.5th __ [2023 WL 4781641] (*Escobedo*) [accord].)

Here, Dering filed a letter in propria persona citing Senate Bill Nos. 136 and 483, but it is unclear from the record whether the CDCR had already initiated the resentencing process by identifying Dering to the trial court. At the first of several hearings following the trial court's receipt of Dering's letter, the trial court stated that it had already received

## DISPOSITION

The judgment is reversed for the sole purpose of resentencing. On remand, the trial court is directed to vacate Dering's sentence, strike the prior prison term enhancements (former Penal Code section 667.5, subd. (b)), and resentence Dering under Penal Code section 1172.75, subdivision (d).

---

from the CDCR a list of "about 40 individuals" eligible for resentencing. In contrast to *Burgess*, *supra*, 86 Cal.App.5th 375, neither the trial court nor the district attorney at any point indicated that Dering was absent from this list. And in contrast to *Escobedo*, *supra*, __ Cal.App.5th __ [2023 WL 4781641], there is no dispute that Dering was "currently serving a term for a judgment that includes an enhancement" now rendered legally invalid. The Attorney General accordingly does not contest this court's jurisdiction to consider this appeal.

_____

LIE, J.

WE CONCUR:

_____

GROVER, ACTING P.J.

_____

BROMBERG, J.

*People v. Dering*
H050744